**Jeffrey K. DUVALL, Plaintiff— Appellant,**

v.

**Jon WALTERS; Jane Doe Walters, husband and wife; Richard A. Leahy; Jane Doe Leahy, husband and wife; Michael Murphy; Jane Doe Murphy,**

---

husband and wife; Brian Sullivan; Jane Doe Sullivan, husband and wife; City of Mukilteo, a municipal corporation, Defendants—Appellees.

**Jeffrey K. Duvall, Plaintiff—Appellee,**

v.

**Jon Walters; Jane Doe Walters, husband and wife; Richard A. Leahy; Jane Doe Leahy, husband and wife; Michael Murphy; Jane Doe Murphy, husband and wife; Brian Sullivan; Jane Doe Sullivan, husband and wife; City of Mukilteo, a municipal corporation, Defendants—Appellants.**

No. 00–35951, 01–35003.

D.C. No. CV–99–01863–RSL.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 9, 2002.

Decided May 22, 2002.

Before RYMER, McKEOWN and GOULD, Circuit Judges.

MEMORANDUM *

Jeffrey Duvall, a police officer in Mukilteo, claims that his civil rights were violated by the disciplinary actions of police superiors, and the inaction of various other officials. The district court granted summary judgment on the merits of the claims, but did not grant the defendants'

motion for attorneys' fees. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Duvall cannot sustain a claim against the city, or against the mayor and the city administrator in their supervisory capacity, because he has failed to adduce evidence to satisfy the requirements of *Monell v. Department of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). *See Hopper v. City of Pasco,* 241 F.3d 1067, 1083 (9th Cir.), *cert. denied,* —— U.S. ——, 122 S.Ct. 346, 151 L.Ed.2d 261 (2001).

With respect to his constitutional claims, Duvall has failed to establish that the defendants' conduct violated a constitutional right. The absence of evidence in his multiple claims is detailed in the district court's order.[1] As a consequence, Duvall cannot overcome the first step of *Saucier v. Katz,* 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001).

Duvall has similarly failed to establish his state claims. The challenged actions did not violate his common law right of privacy because they were not highly offensive to the reasonable person under Washington law. *See Cowles Pub. Co. v. State Patrol,* 109 Wash.2d 712, 748 P.2d 597, 605 (1988). The factual predicate underlying the claim for intentional infliction of emotional distress does not rise to the "outrageous" character required by Washington law. *Birklid v. Boeing Co.,* 127 Wash.2d 853, 904 P.2d 278, 287 (1995).

The district court's grant of summary judgment is AFFIRMED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. Even if the complaint, construed liberally, did allege a due process claim predicated on

a liberty interest in professional reputation, such a claim fails because the contested actions were not taken "in connection with termination of employment." *FDIC v. Henderson,* 940 F.2d 465, 477 (9th Cir.1991).

Because the claims as a whole cannot be characterized as frivolous, the district court's ruling is AFFIRMED in the cross-appeal by the defendants for attorneys' fees under 42 U.S.C. § 1988, and the Motion for Just Damages and Double Costs under Federal Rule of Appellate Procedure 38 is DENIED.